IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD GERALD ORR,

        Plaintiff,

   v.

MAX WILLIAMS, et al.,

        Defendants.

Civil No. 07-3086-CL

ORDER

HOGAN, District Judge.

    Plaintiff has filed a Motion for Emergency Injunction (#39) concerning the place of his release from custody scheduled for November 14, 2008.

    "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," and it is generally inappropriate for a

1 - ORDER

federal court at the preliminary injunction stage to give a final judgment on the merits. <u>University of Texas v. Camenisch</u>, 451 U.S. 391, 395 (1981); <u>Tanner Motor Livery, Ltd. V. Avis, Inc</u>, 316 F.2d 804, 808 (9th Cir. 1983). <u>See also</u>, <u>Regents of University of California v. ABC, Inc.</u>, 747 F.2d 511, 514 (9th Cir. 1984) ("* * * the function of a preliminary injunction is to preserve the *status quo ad litem*.") Wright and Miller, <u>Federal Practice and Procedure</u> § 2947 (1973) ("* * * the most compelling reason in favor of entering a Rule 65(a) order is the need to prevent the judicial process from being rendered futile by defendant's actions or refusal to act").

In this case, the preliminary equitable relief that plaintiff seeks would in essence constitute a judgment on the merits of plaintiff's (apparent) underlying claim[1] and is therefor inappropriate.

Moreover, plaintiff's claim arises out of circumstances anticipated to occur after his scheduled release on November 14, 2008. <u>See</u>, Motion for Emergency Injunction (#39) p. 2. Assuming that plaintiff files a legally sufficient complaint within the

---

[1]As set forth in the court's Order (#40) entered June 19, 2008, the precise nature of plaintiff's claim is obscured by plaintiff's verbose factual allegations and is not at all clear.

2 - ORDER

time allowed by the court's Order (#40) entered June 19, 2008, it is probable that the merits of plaintiff's claim will have been resolved prior to his scheduled release, rendering the necessity of any "emergency injunction," moot.

The relevant factors for determining whether a preliminary injunction should issue were canvassed by the Ninth Circuit in United States v. Odessa Union Warehouse, 833 F.2d 172, 174 (9th Cir. 1987):

> "The factors we traditionally consider in determining whether to grant a preliminary injunction in this circuit are (1) the likelihood of plaintiff's success on the merits; (2) the possibility of plaintiff's suffering irreparable injury if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by the provision of preliminary relief. Dollar Rent A Car of Washington Inc. v. Travelers Indemnity Company, 774 F.2d 1371, 1374 (9th Cir. 1985). To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips in its favor. Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 314-15 (9th Cir. 1978), cert. dismissed, 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979). These two formulations represent two points on a sliding scale in which the required

3 - ORDER

> degree of irreparable harm increases as the
> probability of success decreases. <u>Oakland
> Tribune Inc. v. Chronicle Publishing Co.</u>,
> 762 F.2d 1374, 1376 (9th Cir. 1985).

The moving party must show, at an irreducible minimum, that they have a fair chance of success on the merits. <u>Stanley v. University of Southern California</u>, 13 F.3d 1313, 1319 (9th Cir. 1994), quoting <u>Martin v. International Olympic Committee</u>, 740 F.2d 670, 674-675 (9th Cir. 1994); <u>Committee of Cent. American Refugees v. I.N.S.</u>, 795 F.2d 1434, 1437 (9th Cir. 1986). This is so because the probability of success on the merits is the critical standard in determining the propriety of preliminary relief. <u>Lancor v. Lebanon Housing Authority</u>, 760 F.2d 361, 362 (1st Cir. 1985).

As noted above, plaintiff has not yet sufficiently articulated the nature of his claim. Therefore, I find that plaintiff has failed to demonstrate probability of success on his underlying claim. Plaintiff's Motion for Emergency Injunction (#39) is denied.

IT IS SO ORDERED.

DATED this 27th day of July, 2008.

_____
Michael R. Hogan
United States District Judge

4 - ORDER