FILED '08 NOV 05 13:57 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD G. ORR,

          Plaintiff,         Civil No. 07-3086-CL

         v.              ORDER

OREGON STATE BOARD OF
PAROLE, et al.,

         Defendants.

HOGAN, District Judge.

    Plaintiff filed a complaint under 42 U.S.C. § 1983
alleging that defendants have violated his constitutional
rights by designating Douglas County as the location of his
required residence upon his release from custody.

    Plaintiff has filed a Motion for Preliminary Injunction
(#74) in which he alleges that he is now being released to

1 - ORDER

Linn County on November 14, 2008.   Plaintiff seeks is to be

"released back to the City of Portland, County of Multnomah."

Motion for Preliminary Injunction (#74) p. 3.

The relevant factors for determining whether a

preliminary injunction should issue were canvassed by the

Ninth Circuit in United States v. Odessa Union Warehouse, 833

F.2d 172, 174 (9th Cir. 1987):

> "The factors we traditionally consider in
> determining whether to grant a preliminary
> injunction in this circuit are (1) the
> likelihood of plaintiff's success on the
> merits; (2) the possibility of plaintiff's
> suffering irreparable injury if relief is
> not granted; (3) the extent to which the
> balance of hardships favors the respective
> parties; and (4) in certain cases, whether
> the public interest will be advanced by
> the provision of preliminary relief. Dollar
> Rent A Car of Washington Inc. v. Travelers
> Indemnity Company, 774 F.2d 1371, 1374
> (9th Cir. 1985). To obtain a preliminary
> injunction, the moving party must show
> either (1) a combination of probable success
> on the merits and the possibility of
> irreparable injury or (2) that serious
> questions are raised and the balance of
> hardships tips in its favor.  Benda v. Grand
> Lodge of the Int'l Ass'n of Machinists &
> Aerospace Workers, 584 F.2d 308, 314-15
> (9th Cir. 1978), cert. dismissed, 441 U.S.
> 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979).
> These two formulations represent two points
> on a sliding scale in which the required
> degree of irreparable harm increases as the
> probability of success decreases.  Oakland
> Tribune Inc. v. Chronicle Publishing Co.,

762 F.2d 1374, 1376 (9th Cir. 1985).

The moving party must show, at an irreducible minimum, that they have a fair chance of success on the merits. <u>Stanley v. University of Southern California</u>, 13 F.3d 1313, 1319 (9th Cir. 1994), quoting <u>Martin v. International Olympic Committee</u>, 740 F.2d 670, 674-675 (9th Cir. 1994); <u>Committee of Cent. American Refugees v. I.N.S.</u>, 795 F.2d 1434, 1437 (9th Cir. 1986). This is so because the probability of success on the merits is the critical standard in determining the propriety of preliminary relief. <u>Lancor v. Lebanon Housing Authority</u>, 760 F.2d 361, 362 (1st Cir. 1985).

In this case, plaintiff has not established that he has a fair chance of success on the merits of his claim. In his complaint plaintiff alleges that he would be harmed by being released to Douglas County because of retaliation by Defendant Sparks, a "Field Officer of Douglas County ODOC Community Corrections Agency" [parole officer].

However, in his motion for preliminary injunction, plaintiff alleges that he is no longer being release to Douglas County. Therefore, plaintiff's concerns about defendant Sparks appear to be moot.

Plaintiff's complaint also alleged that he would be

unable to obtain proper medical treatment in Douglas County.
Plaintiff's motion for preliminary injunction alleges that he
will be unable to receive proper medical treatment in Linn
County. Plaintiff's allegations in this regard are unsupported
by any evidence. Moreover there is nothing in the record that
would suggest that plaintiff would be restricted from
traveling from Linn County to Multnomah County for medical
treatment.

Plaintiff apparently objects to being released to any
county other than Multnomah County.  However, plaintiff's
release plan is consistent with the requirements of Oregon law
and ODOC policy.  See, Declaration of Mark Cadotte (#81).

Based on the foregoing, I find that plaintiff has failed
to establish entitlement to preliminary injunctive relief.
Plaintiff's Motion for Preliminary Injunction (#74) is denied.

IT IS SO ORDERED.

DATED this 5th day of November, 2008.

Michael R. Hogan
United States District Judge

4 - ORDER