FILED '09 MAR 03 15:15 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD G. ORR,

        Plaintiff,        Civil No. 07-3086-CL

        v.          ORDER

OREGON STATE BOARD OF
PAROLE, et al.,

        Defendants.

HOGAN, District Judge.

At the time of filing this action, plaintiff was an inmate in the custody of the Oregon Department of Corrections. Plaintiff was released from custody on November 14, 2008, and is currently on parole and post-prison supervision in Linn County, Oregon.

Plaintiff alleges that defendants violated his

1 - ORDER

constitutional rights by failing to release him to Multnomah
County upon his release from ODOC custody, and for various
allegations related to a previous parole in Douglas County.
Plaintiff seeks compensatory and punitive damages as well as
injunctive relief.

On March 9, 2009, plaintiff filed a "motion for
preliminary injunction (and) transfer of post-prison
supervision to Multnomah County" (#107).

The relevant factors for determining whether a
preliminary injunction should issue were canvassed by the
Ninth Circuit in United States v. Odessa Union Warehouse, 833
F.2d 172, 174 (9th Cir. 1987):

>"The factors we traditionally consider in
>determining whether to grant a preliminary
>injunction in this circuit are (1) the
>likelihood of plaintiff's success on the
>merits; (2) the possibility of plaintiff's
>suffering irreparable injury if relief is
>not granted; (3) the extent to which the
>balance of hardships favors the respective
>parties; and (4) in certain cases, whether
>the public interest will be advanced by
>the provision of preliminary relief. Dollar
>Rent A Car of Washington Inc. v. Travelers
>Indemnity Company, 774 F.2d 1371, 1374
>(9th Cir. 1985). To obtain a preliminary
>injunction, the moving party must show
>either (1) a combination of probable success
>on the merits and the possibility of
>irreparable injury or (2) that serious
>questions are raised and the balance of

hardships tips in its favor.  <u>Benda v. Grand
Lodge of the Int'l Ass'n of Machinists &
Aerospace Workers</u>, 584 F.2d 308, 314-15
(9th Cir. 1978), <u>cert</u>. <u>dismissed</u>, 441 U.S.
937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979).
These two formulations represent two points
on a sliding scale in which the required
degree of irreparable harm increases as the
probability of success decreases.  <u>Oakland
Tribune Inc. v. Chronicle Publishing Co.</u>,
762 F.2d 1374, 1376 (9th Cir. 1985).

The moving party must show, at an irreducible minimum,
that they have a fair chance of success on the merits.
<u>Stanley v. University of Southern California</u>, 13 F.3d 1313,
1319 (9th Cir. 1994), quoting <u>Martin v. International Olympic
Committee</u>, 740 F.2d 670, 674-675 (9th Cir. 1994); <u>Committee of
Cent. American Refugees v. I.N.S.</u>, 795 F.2d 1434, 1437 (9th
Cir. 1986). This is so because the probability of success on
the merits is the critical standard in determining the
propriety of preliminary relief.  <u>Lancor v. Lebanon Housing
Authority</u>, 760 F.2d 361, 362 (1st Cir. 1985).

In this case, plaintiff has failed to establish the
requisite fair chance of success on the merits. On February
20, 2009, defendants filed a motion for summary judgment
(#102).  Although plaintiff has not yet filed a response to
defendants' motion, it appears to be dispositive of
plaintiff's claims.

3 - ORDER

Moreover, "[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," and it is generally inappropriate for a federal court  at the preliminary injunction stage to give a final judgment on the merits. University of Texas v. Camenisch, 451 U.S. 391, 395 (1981); Tanner Motor Livery, Ltd. V. Avis, Inc, 316 F.2d 804, 808 (9th Cir. 1983). See also, Regents of University of California v. ABC, Inc., 747 F.2d 511, 514 (9th Cir. 1984) ("* * * the function of a preliminary injunction is to preserve the *status quo ad litem*.") Wright and Miller, Federal Practice and Procedure § 2947 (1973) ("* * * the most compelling reason in favor of entering a Rule 65(a) order is the need to prevent the judicial process from being rendered futile by defendant's actions or refusal to act").

In this case, the preliminary equitable relief that plaintiff seeks would in essence constitute a judgment on the merits of plaintiff's underlying claim and is therefor inappropriate.

Based on the foregoing, plaintiff's Motion for Preliminary Injunction (and) Transfer of Post-Prison Supervision to Multnomah County (#107) is **DENIED**.

4 - ORDER

Plaintiff is advised that his arguments and exhibits submitted in support of his motion will be considered in response to defendants' pending motion for summary judgment and is reminded of the notice of summary judgment standards previously sent by the court.

IT IS SO ORDERED

DATED this 3rd day of March, 2009.

Michael R. Hogan
United States District Judge